UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

GARY ARTHUR HOLYOKE,

                              **Plaintiff,**

  vs.                                                         6:22-CV-316
                                                                    (MAD/ATB)

MOHAWK VALLEY HEALTH SYSTEM; and
MOHAWK VALLEY COMMUNITY SERVICES,

                              **Defendants.**
_____

**APPEARANCES:**                                        **OF COUNSEL:**

**GARY ARTHUR HOLYOKE**
811 Court Street, #320
Utica, New York 13502
Plaintiff, *Pro Se*

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

    *Pro se* Plaintiff Gary Arthur Holyoke ("Plaintiff") commenced this action under Section 1983 of the Civil Rights Act ("Section 1983") on April 4, 2022, against Defendants Mohawk Valley Health System ("MVHS") and Mohawk Valley Community Services ("MVCS"). *See* Dkt. No. 1. Plaintiff's first cause of action states that he "went to [MVHS] for pain and depression when they kept putting [him] in psych unit and kept readmitting [him] there when [he] was trying to rest and look for work." Dkt. No. 1 at 3. Plaintiff's second cause of action states that he was transferred to the "A.C.T. team"[1] when he was evicted and had to pay for his housing. *Id.*

---

[1] In a previous matter, the A.C.T. Team was found to be acting under color of state law as a part of the New York Office of Mental Health, but as such had Eleventh Amendment immunity. *See* Dkt. No. 5 at 8 n.6; *Klestinez v. ACT Team*, No. 6:21-CV-696 (GLS/ATB), 2021 WL 4086128, at *3 (N.D.N.Y. Aug. 19, 2021), report and recommendation adopted, 2021 WL 4084270 (N.D.N.Y. Sept. 8, 2021).

1

Plaintiff's third cause of action states that "the A.C.T. team was suppose[d] to help secure new residence that I now have that I took care of myself." *Id.* Plaintiff seeks $1.5 million "and the county paid back for food stamps that I received along with" benefits he had received. *Id.* On the same day, Plaintiff moved for leave to proceed *in forma pauperis* ("IFP"). *See* Dkt. No. 2. In a later filed document, Plaintiff "seek[s] monetary compensation … because of personal injury which would be [his] teeth being pulled, a heart attack in 2014, mental confusion by people arguing with [him] while having Tinnitus caused mainly by isolation." Dkt. No. 9 at 1.

Magistrate Judge Andrew T. Baxter issued a Report-Recommendation and Order on April 13, 2022, recommending that Plaintiff's motion to proceed IFP be granted, and that this action be dismissed without prejudice, but without opportunity to amend. *See* Dkt. No. 5.

Plaintiff filed an objection to the Report-Recommendation and Order on April 21, 2022, and another objection on May 2, 2022. *See* Dkt. No. 6; Dkt. No. 7. Plaintiff filed a notice on May 4, 2022, regarding difficulty obtaining his psychiatric records from "the office of mental health." Dkt. No. 8. On June 27, 2022, the Court received an unclear letter request from Plaintiff that may be requesting to appoint Steve Huntzinger, esq., of the Mental Hygiene Legal Service as counsel. Plaintiff also sought a three-judge panel in Utica. *See* Dkt. No. 11 at 2. On July 13, 2022, this Court received a letter request from Plaintiff for assistance procuring medical records. *See* Dkt. No. 12. On August 11, 2022, this Court received a letter from Plaintiff about an unrelated incident. *See* Dkt. No. 13.

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). The Second Circuit has held that a court is obligated to "make reasonable allowances to protect *pro se* litigants" from

inadvertently forfeiting legal rights merely because they lack a legal education. *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). However, as Plaintiff appears IFP, "the court shall dismiss the case at any time if the court determines ... the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

When a party files specific objections to a magistrate judge's report-recommendation and order, the district court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party declines to file objections or files "[g]eneral or conclusory objections or objections which merely recite the same arguments [presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." 28 U.S.C. § 636(b)(1).

Plaintiff's "objection" filed on May 2, 2022, simply set forth a disagreement with Magistrate Judge Baxter that dismissal in general is inappropriate as "relief can be granted," and continues to explain how the relief would help Plaintiff, in addition to other less relevant information. *See* Dkt. No. 7. As such, this is a "conclusory objection" disagreeing with Magistrate Judge Baxter's suggested dismissal. Plaintiff's "objection" filed on April 21, 2022, focuses on the type of relief he is seeking. *See* Dkt. No. 6. Plaintiff's second objection cites 28 U.S.C. § 1915 and challenges dismissal based on Defendants' "immunity from monetary relief because of being an entity," emphasizing that he also is raising issues with "the workers of Mohawk Valley Community Service A.C.T. Team" and the individual Jennifer Volz, though he

3

has not named them as Defendants.  *Id.*  Plaintiff only named Mohawk Valley Health Center and Mohawk Valley Community Services in his complaint.  *See* Dkt. No. 1.  Plaintiff claims one of the Defendants (it is unclear which one), "did not act under color of state law when [he] stated things to them they failed to inform [him] about things but just rushed through things about cases that are now at moment closed and sealed."  *See* Dkt. No. 7.

The Court finds that Magistrate Judge Baxter correctly recommended that Plaintiff's Section 1983 claims be dismissed for failure to state a claim.  Section 1983 helps vindicate rights for those harmed by state governments or those acting "under color of state law."  *See* 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48-49 (1988).  Private parties can be deemed to be state actors if the party's actions are "fairly attributable" to the state.  *Caballero v. Shayna*, No. 18-CV-1627, 2019 WL 2491717, *3 (E.D.N.Y. June 14, 2019).  Defendants are private parties.  Plaintiff failed to allege that either Defendants were acting as "state actors."  As Plaintiff's claims were under Section 1983, the complaint fails to state a claim for which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *White v. St. Joseph's Hosp.*, 369 Fed. Appx. 225, 226 (2d Cir. 2010).

As Plaintiff appears *pro se* IFP, this action is dismissed without prejudice for failure to allege any defendant was acting under color of state law.  For *pro se* plaintiffs appearing IFP,

> [a]lthough the language of § 1915 is mandatory, stating that "the court shall dismiss the case" in the enumerated circumstances, we conclude that a *pro se* plaintiff who is proceeding *in forma pauperis* should be afforded the same opportunity as a *pro se* fee-paid plaintiff to amend his complaint prior to its dismissal for failure to state a claim, unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim.

*Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999).  While courts may deny leave to file amended complaints, they should first recognize "principles governing motions to amend."

*See Grullon v. City of New Haven*, 720 F.3d 133, 140 (2d Cir. 2013). Such principles include "that motions to amend should be granted freely in the interests of justice, that a *pro se* complaint generally should not be dismissed without granting the plaintiff leave to amend at least once, and that a *pro se* plaintiff's proposed amended complaint should be construed to raise the strongest arguments it suggests." *Id.*; *see also Romano v. Lisson*, 711 Fed. Appx. 17, 19 (2d Cir. 2017). Named Defendants are private institutions not acting under color of state law. *See Thomas v. Mohawk Valley Sys.*, No. 6:20-cv-1347. 2020 WL 6504634, *6 (N.D.N.Y. Nov. 5, 2020) (citations omitted). Since better pleading will not cure this defect, Plaintiff will not be afforded opportunity to amend.

As this case is dismissed, Plaintiff's additional letter requests (Dkt. Nos. 11, 12) are dismissed as moot.

After carefully reviewing the Report-Recommendation and Order, the entire record in this matter, and the applicable law, the Court hereby

**ORDERS** that Magistrate Judge Baxter's Report-Recommendation and Order (Dkt. No. 5) is **ADOPTED** in its entirety for the reasons set forth herein; and the Court further

**ORDERS** that this action be **DISMISSED without prejudice**, **without the opportunity for amendment**; and the Court further

**ORDERS** that Plaintiff's additional letter motions are **DISMISSED** as moot; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case.

**IT IS SO ORDERED.**

Dated: November 1, 2022
       Albany, New York

_/s/ Mae A. D'Agostino_
Mae A. D'Agostino
U.S. District Judge